**Martin BRAMSON, Appellant**

v.

**S.M. SULAYMAN, M.D. Medical Officer, a medical doctor in his individual capacity; M.D. J. Chung, Medical Officer, a medical doctor in his individual capacity; FNU Loranth, M.D. Clinical Director, a medical doctor in his individual capacity; S.P.A. Patel, Hospital Administrator, in his individual capacity; M. Mangalindan, Mid-Level Practitioner, in his individual capacity; MLP E. Magallon, Mid–Level Practitioner, in his individual capacity; United States of America.**

No. 07–1823.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 12, 2007.

Filed: Oct. 17, 2007.

Martin Bramson, Venice, FL, pro se.

Daniel J. Gibbons, Office of United States Attorney, Newark, NJ, for Appellees.

BEFORE: FISHER, ALDISERT and WEIS, Circuit Judges.

OPINION

PER CURIAM.

Martin Bramson appeals *pro se* from the District Court's dismissal by summary judgment of his claims for inadequate medical care under the Eighth Amendment and medical malpractice under New Jersey law. For the reasons that follow, we will affirm.

I.

Bramson's complaint concerns the medical care he received while incarcerated in a federal prison in New Jersey. According to Bramson, prison doctors prescribed medication for his lung infections, but those treatments were ineffective because the doctors failed to diagnose him with heart disease. Bramson further claims that prison doctors delayed his access to an outside specialist, and that, by the time he saw the specialist and was properly diagnosed with heart disease, he required immediate hospitalization and the installation of a pacemaker and electric defibrillator. Bramson alleges that he has suffered permanent heart and lung damage, has a reduced life expectancy, and is unable to be as physically active as he was in the past. On the basis of these allegations, Bramson asserted (1) an Eighth Amendment claim, under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), that prison doctors had been deliberately indifferent to his serious medical needs, and (2) a Federal Tort Claims Act ("FTCA") claim for medical malpractice under New Jersey state law.

Defendants moved for summary judgment, arguing that they were entitled to qualified immunity from Bramson's Eighth Amendment claim and that Bramson's malpractice claim was barred as a matter of law because he failed to serve an affida-

vit of merit as New Jersey law requires. The District Court granted the motion and dismissed both claims with prejudice. We will affirm.[1]

## II.

### A. Bramson's Eighth Amendment Claim

■ The District Court dismissed Bramson's Eighth Amendment claim because it concluded that defendants were shielded by qualified immunity. We agree. In assessing qualified immunity, courts ask (1) whether a plaintiff has alleged a violation of a constitutional right, and, if so, (2) whether the right was clearly established, such that a reasonable person would understand that their actions were unlawful. *See Leveto,* 258 F.3d at 162. The District Court dismissed Bramson's claim against four of the five defendants under the first of these prongs and his claim against the remaining defendant (Dr. Loranth) under the second. We believe that Bramson failed to state an Eighth Amendment claims against any of the defendants.

Inadequate medical care violates the Eighth Amendment only when prison doctors act with "deliberate indifference" to a prisoner's serious medical needs; mere medical malpractice is not enough. *See Estelle v. Gamble,* 429 U.S. 97, 104–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Here, Bramson's complaint states nothing more than a claim for medical malpractice (a conclusion underscored by his briefs on appeal). Bramson's complaint makes clear that the defendants treated him on many

occasions. He claims that those treatments proved ineffective and that defendants negligently failed to diagnose his heart condition, but those allegations do not state an Eighth Amendment claim. *See id.* at 107–08 & n. 16, 97 S.Ct. 285.

We believe that the same applies to Dr. Loranth. According to Bramson, Dr. Loranth implemented a Bureau of Prisons policy allowing prisoners outside consultation only when their medical situation turns "critical." It is true that a delay in rendering necessary medical care for non-medical reasons can constitute deliberate indifference under certain circumstances. *See Natale v. Camden County Corr. Facility,* 318 F.3d 575, 582 (3d Cir.2003). Here, however, Bramson does not allege that Dr. Loranth (or any of his other doctors) actually knew or believed that treatment by an outside physician was necessary but intentionally delayed it. Instead, he alleges that he first saw Dr. Loranth the same month he was sent to an outside consultant, and that Dr. Loranth told him that the consultation already had been ordered. (Compl.¶ 21.) Moreover, Bramson does not claim that the alleged policy is unconstitutional. Accordingly, Bramson failed to state an Eighth Amendment claim against any of the defendants.

### B. Bramson's Malpractice Claim

The District Court dismissed Bramson's malpractice claim for failure to serve an affidavit of merit as required by New Jersey law.[2] We agree with that determina-

---

1. We have jurisdiction pursuant to 28 U.S.C. § 1291. Defendants filed voluminous medical records with their motion but, because no discovery had been taken, the District Court restricted its review to the face of the complaint. Our review is plenary. *See Snyder v. Pascack Valley Hosp.,* 303 F.3d 271, 273 (3d Cir.2002); *Leveto v. Lapina,* 258 F.3d 156, 161 (3d Cir.2001).

2. The affidavit of merit requirement applies to malpractice claims under New Jersey law in federal court. *See Chamberlain v. Giampapa,* 210 F.3d 154, 161 (3d Cir.2000). *Chamberlain* was a diversity jurisdiction case, but the FTCA, under which the District Court had jurisdiction here, also requires the application of state law. *See* 28 U.S.C. § 1346(b)(1);

tion as well. In malpractice cases, New Jersey law requires plaintiffs to serve, within a certain period of time, an affidavit of merit by an appropriate licensed person stating that there is a reasonable probability that each defendant's conduct fell outside acceptable professional standards. *See* N.J. Stat. Ann. § 2A:53A–27. Failure to comply with these requirements is deemed a failure to state a claim. *See* N.J. Stat. Ann. § 2A:53A–29; *Chamberlain,* 210 F.3d at 160.

In this case, Bramson served a "certification" signed by a licensed physician (his brother). There is some dispute about whether Bramson served it on time. Even giving him the benefit of the doubt and assuming that he did, however, we agree with the District Court that the certification is deficient. The certification opines merely that "medical malpractice was committed upon Martin Bramson" without mentioning any of the defendants, let alone specifying what each did or opining that any particular defendant's conduct fell outside acceptable professional standards. Such a generalized certification does not comply with the statute. *See Fink v. Thompson,* 167 N.J. 551, 772 A.2d 386, 391–92 (2001) (holding non-compliant an affidavit that failed to set forth a "reasonable probability that at least one claim concerning each defendant has merit" and "failed to include specific reference" to a defendant physician). For the same reason, the certification does not generally comply with the purpose of the statute, and thus cannot be saved by the doctrine of substantial compliance. *Cf. id.* at 391–92 (finding substantial compliance where plaintiff had served, in addition to non-compliant affidavit, an extensive pre-suit expert report regarding a physician's conduct). Bramson took no other steps to comply with the affidavit of merit requirement here.

For these reasons, we will affirm the District Court's judgment.

*Gould Elec., Inc. v. United States,* 220 F.3d 169, 179 (3d Cir.2000).